# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | |
|---|---|
| In the matter of: )<br>)<br>DAVID S. LUGO )<br>FRANCIS LUGO )<br>(Chapter 13 Case Number <u>13-42087</u>) )<br>)<br>)<br>*Debtors* )<br>)<br>)<br>DAVID S. LUGO )<br>FRANCIS LUGO )<br>)<br>)<br>*Plaintiffs* )<br>)<br>)<br>v. )<br>)<br>ISLANDS MOTORSPORTS, LLC )<br>)<br>*Defendant* ) | Adversary Proceeding<br><br>Number <u>13-4083</u><br><br>**FILED**<br>Lucinda B. Rauback, Clerk<br>United States Bankruptcy Court<br>Savannah, Georgia<br>By lbarnard at 11:24 am, May 22, 2014 |

### OPINION AND SUPPLEMENTAL ORDER

The above-captioned case came on for trial February 10, 2014. By Order dated March 31, 2014, the Court found that Islands Motorsports, LLC ("Islands" or "Defendant") had willfully violated the automatic stay when it sold David Lugo's ("Debtor" or "Plaintiff") repossessed vehicle to a third party after he filed his second bankruptcy petition on November 7, 2013. Dckt. No. 21. At the trial Debtor sought damages equal to his lost wages which he would have earned as a landscaper for The Greenery had he not lost the position due to a lack of reliable transportation. *Id*. The Court held that Debtor was entitled

AO 72A
(Rev. 8/82)

to those loss wages to be capped at thirty (30) days from the filing of his second petition and left the record open until April 21, 2014, to allow Debtor to file payroll records evidencing details of his position at The Greenery. *Id.* Plaintiff failed to file these records with the Court, and I therefore conclude he is not eligible to recover lost wages.

Although lost wages are not available to Debtor, that does not end this matter. It would be inequitable to find that Islands willfully violated the automatic stay, yet impose no penalty on it for such violation. 11 U.S.C. § 362(k)(1) states in relevant part: "an individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (Emphasis added). As mentioned *supra*, at trial Debtor only requested lost wages for Defendant's violation of the stay. However, Debtor's amended complaint filed December 10, 2013, prays for actual damages, punitive damages, attorney's fees, and such other relief as the Court deems proper. Dckt. No. 8.

In Georgia, "nominal damages are awarded: (1) where no actual damage flows from the injury; or (2) where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent." MTW Inv. Co. v. Alcovy Props., Inc., 273 Ga.App. 830, 832, 616 S.E.2d 166 (2005)(footnotes omitted)(internal quotation marks omitted). The Court previously found that Islands violated Debtor's rights under § 362 and that Debtor suffered an actual harm in the loss of use of the vehicle. For this loss, the Court concluded

that Debtor was entitled to lost wages; however, he did not file the required payroll documentation with the Court before the April 21, 2014, deadline. Accordingly, his damages are not susceptible of reasonable certainty of proof. In this circumstance Debtor may still recover nominal damages, and I award them in the amount of $500.00. Harris v. Gilman United Fed. Credit Union (In re Harris), Case No. 89-2003, at 8 (Bankr. S.D. Ga. July 14, 1989)(Davis, J.)(awarding nominal damages where no evidence of any damage sustained by the debtors was presented); *cf.* Billingsly v. Ram Motors (In re Billingsly), 1986 WL 1253753, at *3 (Bankr. S.D. Ga. Dec. 22, 1986)(Davis, J.); Brower Oil Co. Inc. v. Brannen (In re Brannen), 1990 WL 10007473, at *4 (Bankr. S.D. Ga. June 27, 1990)(Dalis, J.).

Debtor also requested and is entitled to recover an award of attorney's fees pursuant to 11 U.S.C. § 362(k)(1) for Defendant's willful violation of the stay. At the trial Debtor did not produce any evidence to support the amended complaint's request for attorney's fees. However, the Court may, drawing on the record in the case and its experience in reviewing and awarding fees in countless cases, award a fee without specific evidence. *See* Brannen, 1990 WL 10007473, at *4 (awarding the debtor a portion of the requested attorney's fees even though no supporting evidence was submitted to assist the court in determining what portion of the fees were incurred prosecuting the stay violation).

Based on the Court's extensive experience in fee awards and having had the opportunity to personally observe this case, I make the following findings regarding Debtor's attorney's fees. "The starting point in determining an appropriate award of professional

compensation is to determine the lodestar rate by multiplying the hours reasonably expended on a case by the prevailing hourly market rate for similar services." In re Pischke, 2003 WL 26114156, at *2 (Bankr. S.D. Ga. May 22, 2003)(Davis, J.)(*citing* Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Debtor's attorney represented him during two hearings on this matter. The first was an expedited hearing where Debtor petitioned the Court to force Islands to return the repossessed vehicle. At the hearing it was revealed that Defendant had already sold the vehicle to a third party. The second was the trial on the matter where the Court found that Islands had violated the automatic stay when it sold the vehicle. The expedited hearing was held on November 20, 2013, and the trial on the stay violation was held February 10, 2014. The Court's records indicate that the two hearings in the aggregate consumed approximately three (3) hours, representing time that the attorney actually spent arguing Debtor's claim before the Court.

The attorney's other tasks documented in the case record include drafting the initial complaint to request turnover of the vehicle (Dckt. No. 1), amending the complaint once Defendant revealed that the vehicle had been sold (Dckt. No. 8), drafting an answer to Defendant's counterclaim (Dckt. No. 15), and conferring with Defendant's attorney to collectively draft the Consolidated Pre-Trial Statement (Dckt. No. 16). Moreover, the Consolidated Pre-Trial Statement indicates that the parties "met several times since the filing of this adversary proceeding in an attempt to settle the issues raised in this proceeding." Dckt.

No. 16. Based on these documented activities and taking into account other time that the attorney almost certainly spent pursuing Debtor's claim (i.e. conferring with Debtor and opposing counsel, research, trial preparation, travel time, etc.), I find that at a minimum, Debtor's attorney expended an additional (3) hours on the case outside of court. Therefore, Debtor is entitled to be compensated for six (6) total hours of attorney's fees.

Debtor did not offer any evidence of prevailing market rates, however "where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." Norman, 836 F.2d at 1303 (citation omitted). In a recent case I found an attorney's requested hourly rate of $175.00 per hour to be reasonable. In re Beavers, 2014 WL 1424624, at *2 (Bankr. S.D. Ga. April 11, 2014)(Davis, J.); *see also* Headrick v. Dep't. of Revenue (In re Headrick), 285 B.R. 540, 547 (Bankr. S.D. Ga. 2001)(Dalis, J.)(holding that hourly rates found reasonable in previous cases from the Southern District of Georgia can establish the market rate for the area where the debtors' brief did not address the issue). Based on my recent ruling in Beavers and because Debtor's attorney did not proffer a showing of his own hourly rate or the prevailing market rate for the area, I conclude that the reasonable hourly rate to be applied in this case is $175.00 per hour. Accordingly, Debtor's attorney's fee will be based on a lodestar amount of $1050.00 (6 hours X $175.00/hour).

ORDER

Pursuant to the foregoing, it is the ORDER of this Court that Debtor

have judgment against Defendant, Islands Motorsports, LLC, for nominal damages in the amount of $500.00 and attorney's fees in the amount of $1050.00 for a total of $1550.00.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 21st day of May, 2014.